May 4, 1979.

M. P. No. 79-174. FRANK A. CARTER, JR., *Chief Disciplinary Counsel v.* PHILIP M. HAK. The Chief Disciplinary Board (Board) for action against the respondent, Philip M. Hak of Pawtucket, an attorney authorized to practice law in this state, alleging violation of Disciplinary Rule 6-101(A)(3) — neglect of a legal matter entrusted to him; violation of Disciplinary Rule 9-102(A) — prohibiting co-mingling of funds; and violation of Disciplinary Rule 9-102(B)(3) — failure to maintain adequate records of funds of a client and to account therefor.

At the formal hearing conducted by the Board evidence was presented regarding a guardianship proceeding in the Probate Court of the City of Pawtucket entitled "Estate of Eleanor L. Bertolini (No. 19067.)"

It appears that in May 1967, Eleanor L. Bertolini was committed to the Rhode Island Institute of Mental Health (IMH) following a hearing in the Fifth Division District Court. After this commitment, guardianship proceedings were instituted in the Probate Court and as a result thereof, the respondent and Attorney Norman Grant of Pawtucket, in June 1967, were appointed co-guardians of Mrs. Bertolini's person and estate. The ward was released from commitment at the IMH within a year following her commitment but the guardianship continued to remain in effect as of October 1978, the time of the hearing before the Board. There is presently pending in the Pawtucket Probate Court a petition for the release of Mrs. Bertolini from the guardianship and the discharge of the co-guardians.

No annual accounting of the guardianship funds was filed by Mr. Hack in the Pawtucket Probate Court as required by G.L. 1956 (1969 Reenactment) §33-15-26 until March 10, 1978. At that time the petition for disciplinary action was pending before the Board. In the interim respondent attorney had been cited by the Pawtucket Probate Court to file

said account and was held in contempt by said court for his continued failure to file said account.

It was found by the Board that Mr. Hak failed to record and account for certain rents from real estate collected in behalf of the ward. As a result, the Board concluded that respondent attorney failed to maintain adequate records of a client and account therefor in violation of DR 9-102(B)(3).

The Disciplinary Board further found that Mr. Hak failed to pay telephone and gas bills in a timely fashion and was late in paying mortgage payments which resulted in a foreclosure sale of the ward's real estate. As a result of these findings, the Board concluded that respondent attorney was in violation of DR 6-101(A)(3).

As regards the charge that respondent attorney was in violation of DR 9-102(A) co-mingling of funds the Boards found that there was insufficient evidence to sustain this charge and consequently concluded that Mr. Hak was not in violation of DR 9-102(A).

Pursuant to the requirements of Rule 42-6(b) and (d), the Chief Disciplinary Counsel on March 16, 1979, submitted the Board's findings and recommendations, together with the entire record of the proceedings to this court for review and the entry of an appropriate order.

In compliance with an order of this court entered on March 29, 1979, respondent appeared personally before us in chambers on April 19, 1979 to show cause, if any he had, why disciplinary action should not be taken against him based on the report of the Board. He attempted to explain his action and argued that the charges against him did not warrant disciplinary action. In our opinion, however, he failed to present any factors in mitigation or extenuation of his actions.

We have concluded that the respondent has breached the standards of conduct required by the Code of Professional Responsibility prescribed by this court and find him to be in violation of Disciplinary Rules 6-101(A)(3) and 9-102(B)(3) and that accordingly disciplinary action is warranted.

Notwithstanding the respondent's previous good conduct and excellent reputation as a member of the Bar of this State for over 40 years, it is nonetheless our judgment that, because of the high standard of conduct demanded of the members of the Bar, some form of disciplinary action must be imposed.

After careful consideration of all the factors involved, it is our opinion that the respondent shall be and is hereby suspended beginning May 30, 1979, from engaging in the practice of law in this State until further order of this court. The respondent is further directed to comply with Rule 42-15 and to furnish to the Clerk of this Court on or before May 20, 1979, the names and addresses of all clients represented by him. The Clerk shall take such action as prescribed by said Rule 42-15. The respondent may, however, upon a satisfactory showing of compliance in good faith with this order apply for reinstatement on and after September 15, 1979. *Frank A. Carter*, pro se, petitioner, *Philip M. Hak*, pro se, respondent.